UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JERMAINE MARTEZ HILL,<br>    *Plaintiff*, | )<br>)<br>) |
| v. | )   Case No. 4:23-cv-00033-CEA-CHS |
| SHANE GEORGE,<br>STEVEN DAUGHERTY,<br>JOHN T. LASATER,<br>17TH JUDICIAL TASK FORCE,<br>BEDFORD COUNTY SHERIFF'S DEPT.,<br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

**I.**     **Introduction**

Plaintiff Jermaine Martez Hill, currently incarcerated at the Bedford County, Tennessee Jail and proceeding pro se, brings this action against Defendants under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment right to be free from unreasonable searches and seizures. [Doc. 2, Complaint at 3.]. This Court has the responsibility to screen all actions filed by plaintiffs and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons stated herein, the Court **RECOMMENDS** that: (1) Plaintiff's claim against the Bedford County Sheriff's Department be dismissed with prejudice; (2) Plaintiff's claims for an unreasonable search be dismissed without prejudice; and (3) with respect to Plaintiff's claim for an unreasonable seizure (i.e., false arrest), that Plaintiff be given twenty-one days to file a supplement to his complaint to update the Court as to the status of the charges against him stemming from the drugs and gun found at 504 Shoma Drive, Shelbyville, Tennessee, on August 11, 2023.

## II. Background

Plaintiff brings claims under the Fourth and Fourteenth Amendments against Defendants for violations of his right to be free from unreasonable searches and seizures based on the following allegations in his complaint:

- On August 11, 2023, at 6 PM, Officer Shane George with the Bedford County Sheriff's Department and Officers Steven Daugherty and John Lasater with the 17th Judicial Drug Task Force arrived at a house located at 504 Shoma Drive, Shelbyville, Tennessee, to execute a search warrant. [Doc. 2, Complaint at pp. 3-4][1].

- The house was occupied by six individuals, including Plaintiff. [*Id.* at 4].

- Officers searched Plaintiff's person and confiscated keys, a cellphone and $362.00. [*Id.* at 3].

- During the search, officers found drugs outside the house and a gun inside the house. [*Id.* at 4].

- The gun was found under a bed in a room occupied by one of Plaintiff's housemates who was also the owner of the house. [*Id.*]. Plaintiff did not occupy the room where the gun was found. [*Id.*]. Nevertheless, the officers attributed the drugs and gun to Plaintiff, arrested him and took him to the Bedford County Jail where, according to Plaintiff, he is "currently [ ] being held against his will for fraudulent charges. . . ." [*Id.*].

- Plaintiff also alleges that the officers exceeded the scope of the search warrant by searching the housemate's room. [*Id.*].

Plaintiff seeks damages in the following amounts:

| | |
|---|---|
| Shane George | $100,000 |
| John T. Lasater | $75,000 |
| Steven Daughtery | $75,000 |
| Bedford County Sheriff's Department | $50,000 |
| 17th Judicial District Drug Task Force | $50,000 |

---

[1] On May 7, 2024, the Court entered an Order in which it noted that when the Clerk's Office scanned Plaintiff's complaint into the Court's electronic record, the last one or two sentences on pages three and four of Plaintiff's handwritten complaint were cut-off. [Doc. 10, Order at 1]. The Court ordered the Clerk of Court to send a copy of the scanned complaint to Plaintiff and gave Plaintiff until June 7, 2024, to supplement his complaint in writing with the missing parts of the complaint. The Court stated that if Plaintiff did not do so, the Court would screen the complaint as it was scanned into the system. [*Id.* at 2.]. Plaintiff did not supplement his complaint, and, therefore, the Court screens the complaint as is.

Plaintiff also seeks "procedural changes [and] reprimands" of the individual defendants. [*Id*. at 5].

### III. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather,

the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. Discussion

### A. Claims Against the Bedford County Sheriff's Department

Under Tennessee law, a sheriff's department is not an entity capable of being sued. For that reason, the Court recommends the Bedford County Sheriff's Department be **DISMISSED** from this action. *Russo v. Bedford Cnty. Sheriff's Dept.*, Case No. 4:14-cv-75-HSM-SKL, 2015 WL 5020999, at *2 (E.D. Tenn. Aug. 21, 2015) (holding the Bedford County Sheriff's Department is not a suable entity) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994) (holding that a county police department was not an entity which may be sued)).[2]

### B. Plaintiff's Claims for an Unreasonable Search and Seizure

To state a claim under 42 U.S.C. § 1983, Plaintiff bears the burden to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Littler v. Ohio Assoc. of Public Sch. Employees*, 88 F.4th 1176, 1180-81 (6th Cir. 2023); *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff challenges both the search at 504 Shoma Drive, Shelbyville, Tennessee, and his arrest immediately following the search as violating the Fourth Amendment's prohibition against unreasonable searches and

---

[2] It is not clear whether the 17th Judicial Drug Task Force is a suable entity, and the Court finds this screening is not the appropriate place to address this matter. *See Burley v. Sumner County 18th Judicial Drug Task Force*, Case No. 3:19-cv-118, 2019 13395504, * at 2 n. 1 (M.D. Tenn. Feb. 19, 2019) (noting it is impossible to determine on a motion to dismiss whether a judicial drug task force is a state agency, a municipal agency, or a suable entity created by contract with one or more municipalities) (citing *Lamb v. Tenth Judicial Dist. Drug Task Force*, 944 F. Supp. 2d 586, 594–95 (E.D. Tenn. 2013) and *Rhea v. W. Tenn. Violent Crime & Drug Task Force*, No. 2:17-cv-02267-JPM-cgc, 2017 WL 10636418 (W.D. Tenn. Dec. 29, 2017)).

seizures. The Fourth Amendment applies to the states through the Fourteenth Amendment. *Soldal v. Cook Cnty*, 506 U.S. 56, 61 (1992).

### 1. Search of 504 Shoma Drive and Plaintiff's Person

The Court turns to the search of the house on 504 Shoma Drive, Shelbyville, Tennessee, on August 11, 2023. According to Plaintiff's complaint, the officer had a search warrant. [Doc. 2, Complaint at 4]. Plaintiff does not allege that the search warrant was deficient in any respect.[3] Accordingly, Plaintiff has alleged no basis to determine that the search warrant relied upon by Defendants to search the 504 Shoma Drive house on August 11, 2023, was invalid and that, therefore, the search was unreasonable.

Plaintiff seemingly attempts to assert a claim for damages under Section 1983 on the basis that the search exceeded the scope of the search warrant when law enforcement searched the homeowner's room; however, Plaintiff cannot assert such a claim because he had no legitimate expectation of privacy in the homeowner's room. To establish that police violated a person's Fourth Amendment rights by conducting an unreasonable search, that person must show that he had a legitimate expectation of privacy in the place searched. *United States v. Rogers*, 97 F.4th 1038, 1041 (6th Cir. 2024). To establish a legitimate expectation of privacy in the place searched, the Plaintiff must show that he had: (1) a subjective expectation of privacy in the place searched; and (2) such expectation was one society is prepared to recognize as reasonable. *Id.* at 1041-42. Plaintiff does not allege any subjective expectation of privacy in the room occupied by the homeowner. In fact, in an effort to distance himself from any connection to the gun that might lend support for his arrest, Plaintiff specifically alleges that the room where the gun was found was not occupied by him.

---

[3] Nor has he provided the Court with a copy of the search warrant.

Plaintiff also appears to assert a claim for an unreasonable search of his person. It is unclear, however, from the allegations in the complaint whether Plaintiff was subjected to a full search of his person or simply a pat-down. Officers are allowed, for safety purposes, to pat down individuals who are present during the execution of a search warrant for drugs in a residence. *See United States v. Walker*, 181 F.3d 774 (6th Cir.1999); *see also United States v. Harris*, Nos. 91-2421 to 91-2423, 1992 WL 393582, *4 (6th Cir. 1992) (pat-down of defendant was constitutionally permissible where police were executing search warrant for drugs at site of suspected drug activity); *Rushing v. Milholen*, No. 1:11-cr-63, 2006 WL 83417, at *3 (W. D. Tenn. Oct. 25, 2006) (same). Because the complaint fails to allege conduct concerning the search of his person which is plainly in violation of the Fourth Amendment, the Court will recommend that this claim be dismissed without prejudice.

For the reasons stated, the Court concludes Plaintiff has failed to state a claim against any of the Defendants for an unreasonable search of the house at 504 Shoma Drive or of his person in violation of his Fourth Amendment rights.

### 2. Unreasonable Seizure—False Arrest

The present complaint, filed on August 24, 2023, states that Plaintiff was being held on "fraudulent charges" as a result of the drugs and gun found at 504 Shoma Drive on August 11, 2023. According to the allegations in the complaint, the drugs and gun were not found in the room he occupied or in any of the common areas inside the house which he shared with five other people. The Court can reasonably infer from these allegations that Plaintiff is asserting that his arrest for the drugs and gun was unsupported by probable cause.

Absent probable cause to believe a crime has been or is being committed, arrest for that crime violates the Fourth Amendment. *Devenpeck v. Allford*, 543 U.S. 146, 152 (2004). "'A false

arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff.'" *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (quoting *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005)). However, if any charges against Plaintiff arising from the drugs and gun found at 504 Shoma Drive on August 11, 2023, have resulted in a conviction, then this claim for false arrest is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court in *Heck* explained,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .

512 U.S. at 486-87. On the other hand, if these charges were dismissed or are still pending, then Plaintiff's claim of false arrest against the Defendants is not barred by *Heck*. *Wallace v. Kato*, 549 U.S. 384 (20078) (holding *Heck* bars only those § 1983 claims which would, if the plaintiff were successful, undermine or impugn an *existing* conviction.)[4]

The Court will recommend that Plaintiff be given 21 days from the District Court's disposition of this report and recommendation in which to inform the Court as to the status of the charges brought against him as a result of the drugs and gun found at 504 Shoma Drive, Shelbyville, Tennessee, on August 11, 2023. The Court will recommend that Plaintiff be required to provide this information by a declaration signed under penalty of perjury.

---

[4] If a plaintiff files a false arrest claim before he is convicted, the District Court may stay the § 1983 claim until the criminal action has ended. *Wallace*, 549 U.S. at 393-94. The statute of limitations for a false arrest claim brought under § 1983 begins to run at the time the plaintiff becomes detained pursuant to legal process. *Id.* at 397.

V. **Conclusion**

For the reasons stated herein, it is **RECOMMENDED**[5] that:

1. Plaintiff's claims against the Bedford County Sheriff's Department be **DISMISSED WITH PREJUDICE**.

2. Plaintiff's claims for an unreasonable search in violation of the Fourth Amendment on August 11, 2023, be **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff be **ORDERED** to do the following:

    a. Within 21 days of the Court's disposition of this report and recommendation, Plaintiff shall update the Court in writing as to the status of the charges brought against him arising from the drugs and gun found at 504 Shoma Drive, Shelbyville, Tennessee, on August 11, 2023. Specifically, Plaintiff shall inform the Court whether any such charges are pending or have been dismissed or whether he has been convicted on any such charges—including entering a guilty plea.

    b. Plaintiff shall verify his update in writing with the following declaration:

    "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

    (Signature)."

4. Plaintiff be **NOTIFIED** by the Court that, if he fails to provide the update required by this Order, the Court may dismiss with prejudice his claim of false arrest in violation of the Fourth Amendment for failure to prosecute.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).